# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

DANIEL THOMAS LANAHAN   *

Petitioner   *

v   *   Civil Action No. JFM-15-2512

PATUXENT INSTITUTION, et al.,   *

Respondents   *

\*\*\*

## **MEMORANDUM**

The court is in receipt of a pleading filed by self-represented detainee Daniel Thomas Lanahan.[1] ECF 1. Lanahan seeks his release from the Clifton T. Perkins Hospital Center where he is confined. *Id.*

Lanahan used forms for filing a civil rights complaint. To the extent he is in state custody because his mental illness renders him unable to stand trial, his pleading has instead been considered as a petition under 28 U.S.C. § 2241.[2] Pretrial federal habeas relief is available under § 2241 if the petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court. *See Dickerson v. Louisiana*, 816 F. 2d 220, 224– 26 (5th Cir. 1987).

Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts. *See Baker v. Corcoran*, 220 F.3d

---

[1] Petitioner's status is unclear. The Maryland Judiciary Case Search website indicates that he has several criminal convictions. He also has a criminal case that is stayed due to his being found incompetent to stand trial. *See* http://casesearch.courts.state.md.us/casesearch/inquirySearch.jis

[2] Criminal convictions may be challenged in this court by way of a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. Petitioner has two other cases pending before the court challenging underlying state convictions pursuant to 28 U.S.C. §2254. *See Lanahan v. Hensel*, Civil Action No. JFM-15-2133 and *Lanahan v. Helsel*, Civil Action No. JFM-15-2134.

276, 289 (4th Cir. 2000) (citations omitted). In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial of the merits or by other state procedures available for review of the claim. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973).

As a person committed to a mental health facility, petitioner has a right under Maryland law to file a petition for release in state circuit court located in the county where he resides, where he resided before admission to the facility, or where the facility is located. *See* Md. Health Gen. Code Ann., § 10-805(a) and (b). Denial of an application for release may be appealed. *See id.*, §10-805(h). Although petitioner has challenged his commitment order in state court, he did not appeal the denial of same.[3] Special circumstances justifying this court's intervention do not exist where there are procedures in place to protect petitioner's constitutional rights. *See Moore v. DeYoung*, 515 F. 2d 437, 449 (3d Cir. 1975) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief); *Drayton v. Hayes*, 589 F. 2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention because constitutional right claimed would be violated if petitioner went to trial); *see also Younger v. Harris*, 401 U.S. 37 (1971). Petitioner's claims that he is illegally confined may be litigated in a state forum without harm to petitioner's constitutional rights. Accordingly, his habeas petition shall be dismissed without prejudice.

                                                           /s/         10/28/15
                                                      J. Frederick Motz
                                                      United States District Judge

BY _____ DEPUTY
AT BALTIMORE
CLERK'S OFFICE
2015 OCT 29 PM 3:17
U.S. DISTRICT COURT
FILED

---

[3] *See Lanahan v. Clifton T. Perkins Hospital Center*, Circuit Court for Carroll County, Case No. 06C15068288 http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=06C15068288&loc=61&detailLoc=CC